PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BASISTA HOLDINGS, LLC, *et al.*, | ) | |
| | ) | CASE NO. 4:15cv136 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ELLSWORTH TOWNSHIP, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF Nos. 12; 15; 48] |

Pending before the Court are a Motion for Summary Judgment filed by Defendants Diane

Dudek, Rick Durkin, Ellsworth Township, Ishraq Hafiz, Fred Houston, Michael P. Kurilla, Jr.,

Kurt Morrison, Wayne Sarna, Fred Schrock, William Spellman, and Mary Ann Stack (ECF No.

12), a Motion to Dismiss Case without Prejudice filed by Plaintiffs Basista Holdings, LLC and

David J. Lewis (ECF No. 15), and a Motion for Leave filed by Plaintiffs (ECF No. 48).  The

Court has been advised, having reviewed the record, including the parties' briefs and the

applicable law.  For the reasons that follow, the Court grants Defendants' motion for summary

judgment, denies Plaintiffs' motion to dismiss case without prejudice, denies Plaintiffs' motion

for leave, and enters judgment in favor of Defendants.

### I.  Factual and Procedural Background

Plaintiff Basista Holdings, LLC ("Basista") is an Ohio limited liability company

authorized to do business under Ohio law.  ECF No. 13 ¶ 1.  Basista owns an undeveloped lot on

State Route 45 in Ellsworth Township ("SR 45 Property") that consists of approximately 17.998

(4:15cv136)

acres, and has a frontage of 900 feet and a depth of 871 feet.  ECF No. 13 ¶¶ 18–19.  Basista used to own a parcel of property located at 5620 Gault Road, North Jackson, Ohio (Gault Road Property), but transferred ownership to Laura Lewis on May 22, 2015.  No. 13 ¶¶ 22–23.

On July 24, 2007, Basista submitted an Application for zoning certificate to utilize the SR 45 Property for industrial use as a cement batch plant.  ECF No. 13 ¶ 24.  Defendant Diane Dudek, the former Ellsworth Township Zoning Inspector, sent a letter to Basista on September 14, 2007, stating: "1) Site plan submitted with letter stating use of property filed on 07/24/07 is granted."  ECF No. 13 ¶ 25.  This letter is the only documentation that Basista received relating to the approval of the site plan.  ECF No. 13 ¶ 26.

On May 27, 2008, Paul and Laura Lyden, owners of property adjacent to the SR 45 Property, filed a lawsuit against Basista, David and Laura Lewis, and Ellsworth Township to enjoin the entire SR 45 Property from being used as a cement batch plant.  ECF No. 13 ¶ 27.  As part of that litigation, Defendant Dudek was deposed in May 2009.  ECF No. 13 ¶ 28.  David and Laura Lewis were in attendance of the Dudek deposition.  *Id.*  During this deposition, Basista learned that the township had made an error in sending the September 14, 2007 letter approving the site plan.  *Id.*  As enacted in 1969, the Ellsworth Township Zoning Map depicted an Industrial District located on State Route 45 with a frontage of approximately 871 feet and a depth of 500 feet.  ECF No. 13 ¶ 16.  There were no statutory zoning amendments that affected the State Route 45 Industrial District from 1969 to March of 2015.  ECF No. 13 ¶ 17.  Accordingly, Defendant Dudek retracted her prior approval of Basista's site plan.  ECF No. 13 ¶ 28.

2

(4:15cv136)

Paul and Laura Lyden voluntarily dismissed their complaint on September 16, 2009; however, the couple submitted several complaints to Ellsworth Township stating that Basista was maintaining the SR 45 Property in violation of the Ellsworth Township Zoning Ordinance.  ECF No. 13 ¶¶ 29–30.  Because Laura Lewis was serving on the Ellsworth Township Board of Trustees at the time, Ellsworth Township's legal counsel, Mark Finamore, issued a letter to the Ellsworth Township Trustees on July 11, 2011 suggesting that the township retain the services of an independent or outside agency as a zoning inspector for the sole purpose of investigating the complaints made against Basista.  ECF No. 13 ¶ 32.  As a result, Defendant Matthew Kurilla was hired to serve as Deputy Zoning Inspector to investigate the complaints against Basista.  ECF No. 13 ¶ 33.

On September 1, 2011, Defendant Kurilla, in his capacity as Deputy Zoning Inspector, issued notices of zoning violations concerning Basista's use of the SR 45 Property and the Gault Road Property.  ECF No. 13 ¶ 34.  In response, Basista took limited remedial action to address some of the zoning violations; however, on November 28, 2011, Mr. Kurilla issued two letters to Basista which stated that the Basista needed to address additional issues to bring the properties into compliance with the Ellsworth Township Zoning Ordinance.  ECF No. 13 ¶¶ 35–36.  Basista sent a letter to the Ellsworth Township Board of Appeals stating its intention to appeal the zoning violations, but later requested that the appeal be held in abeyance.  ECF No. 13 ¶¶ 37–38.

On May 20, 2012, Basista submitted a site plan to the Ellsworth Township Zoning Inspector relating to proposed industrial use of the SR 45 Property.  Ellsworth Township sent a letter to Basista's legal counsel stating that the May 20, 2012 site plan would need to be

3

(4:15cv136)

re-submitted with a permit application and would need to be drawn to scale. ECF No. 13 ¶ 40.

Basista submitted a revised site plan; however Mr. Kurilla denied the site plan after Ellsworth

Township Zoning Commission had reviewed the site plan in two meetings and recommended

denial. ECF No. 13 ¶¶ 41, 43–45. On October 26, 2012, Basista, by way of counsel, submitted a

letter indicating that it was appealing Mr. Kurilla's letter denying Basista's application for a

zoning permit, but requested that the October 26, 2012 appeal be held in abeyance. ECF No. 13

¶¶ 46–47. Basista did not pay the required fee to appeal either zoning letter, and both appeals

were subsequently dismissed by Basista. ECF No. 13 ¶ 48.

On October 31, 2012, Defendant Kurilla, as Ellsworth Township Deputy Zoning

Inspector filed a complaint in the Mahoning County Common Pleas Court, *Michael P. Kurilla,

Jr., v. Basista Holdings, LLC*, Case No. 2012-CV-03377 against Basista for zoning violations on

both the SR 45 and Gault Road properties. ECF No. 13 ¶ 49. On April 15, 2013, Basista filed a

counterclaim against Michael Kurilla, Deputy Zoning Inspector, seeking declaratory judgment

relating to the zoning classification of the SR 45 Property only, injunctive relief, and monetary

damages, as well as claiming violations of the Ohio Open Meetings Act. *Id.*

By agreement of the parties, Basista's counterclaim for declaratory judgment was

bifurcated for trial. ECF No. 13 ¶ 50. At trial, the parties stipulated that the 1969 Ellsworth

Township Zoning Resolution and Map were properly enacted under Ohio law, that the 1969

Maps introduced by the parties were an accurate representation of the official zoning map, and

that the 1969 Zoning Map reflected that the Industrial District on State Route 45 had a depth of

500 feet east of State Route 45. *Id.* During trial before the state magistrate, Basista's witness,

4

(4:15cv136)

Laura Lewis, testified that there had been no zoning amendments that affected the State Route 45

Industrial District or the Basista SR 45 Property from 1969 to the present.  ECF No. 13 ¶ 51.

On April 8, 2015, the Magistrate issued a decision that "The Zoning Map is not

ambiguous and the Industrial District on State Route 45 is depicted as having a depth of 500

feet." ECF No. 13 ¶ 53.  Basista filed objections to the decision; however, the trial judge adopted

the magistrate's decision on August 3, 2015 and dismissed Basista's counterclaim.  ECF No. 13 ¶

54.  Basista attempted to appeal this decision, but the Seventh District Court of Appeals issued a

decision stating that there was no final judgment over which the appellate court could exercise

jurisdiction.  ECF No. 13 ¶ 56.

While this state court litigation was ongoing, Plaintiffs Basista Holdings and David Lewis

filed another action in state court on August 27, 2014, alleging causes of action for a declaratory

judgment relating to the zoning classification of the SR 45 Property, injunctive relief, monetary

damages, and violations of the Ohio Open Meetings Act—the same claims that are being

litigated in state court.  ECF No. 1-1. Defendants timely removed this action to federal court.

ECF No. 1.  Following discovery, Defendants moved for summary judgment.  ECF No. 12.

Plaintiffs, in response, filed a motion to dismiss without prejudice (ECF No. 15), which

Defendants opposed.  ECF No. 16.  Plaintiffs later filed an opposition to Defendants' motion for

summary judgment.  ECF No. 46.  Defendants filed a reply.  ECF No. 47.  Then, Plaintiffs filed a

motion for leave to file a sur-reply.  ECF No. 48.  Defendants opposed (ECF No. 49) and

Plaintiffs replied.  ECF No. 50.  All motions are ripe for adjudication.

(4:15cv136)

## II. Legal Standard

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 403 (6th Cir. 1992).

After the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of material facts in dispute. An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). A fact is "material" only if its resolution will affect the outcome of the lawsuit. In determining whether a factual issue is "genuine," the court must evaluate whether the evidence could persuade a reasonable factfinder that the non-moving party is entitled to a verdict. *Id.*

To defeat a motion for summary judgment, the non-moving party must "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403. In reviewing a motion for summary judgment, the

6

(4:15cv136)

court must view the evidence in the light most favorable to the non-moving party when deciding

whether a genuine issue of material fact exists.  *Matsushita Elec. Indus. Co. v. Zenith Radio

Corp.*, 475 U.S. 574, 587–88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).  The

existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily

is not sufficient to defeat a motion for summary judgment.  *Klepper v. First Am. Bank*, 916 F.2d

337, 342 (6th Cir. 1990).

### III.  Analysis

**A.  Plaintiffs' Motion for Leave**

The Court addresses the motion for leave first because it potentially bears on the motion

for summary judgment.

Plaintiffs filed a motion for leave to file a sur-reply.  ECF No. 48.  According to

Plaintiffs, Defendants raised the following fact assertions in their reply brief in support of their

motion for summary judgment (ECF No. 47) to which Plaintiffs request the opportunity to

respond:

> 1. Defendants' new assertion that Plaintiffs raise a new claim of
> unconstitutionality;
>
> 2. Defendants' introduction of authentic records from the Mahoning County
> Common Pleas Court, including depositions, having a direct bearing on the issues
> of this case;
>
> 3. Facts related to Defendants' statute of limitations argument;
>
> 4. Facts related to monetary damages and a protected property interest; and
>
> 5. Facts related to ongoing litigation in State Court's having a bearing on the
> issues in the case [at] bar.

7

(4:15cv136)

ECF No. 48 at PageID #: 1524.  Plaintiffs contend that Defendants failed to properly support

these fact assertions pursuant to Fed. R. Civ. P. 56(e).  On the contrary, Defendants properly

supported each fact assertion in their motion for summary judgment.

With respect to "Defendants' new assertion that Plaintiffs raise a new claim of

unconstitutionality," Defendants properly used their reply brief to respond to Plaintiffs' new

argument of unconstitutionality.  "The primary purpose for allowing the moving party to serve

and file a reply memorandum in support of a motion is so it can respond to any new issues raised

by the memorandum in opposition."  *See Dobbins v. Nat'l Ass'n of Sec. Dealers*, No.

5:06CV2968, 2007 WL 2407081, at *1 (N.D. Ohio Aug. 22, 2007).  Defendants' properly

supported reply brief convincingly argues that Plaintiffs have attempted to inject a new claim into

this late stage of litigation.  ECF No 47 at PageID #: 1510–12 (observing that Plaintiffs did not

mention the comprehensive plan at all in the complaint, or the proposed amended complaint).

This is proper motion practice, and does not warrant affording Plaintiffs a sur-reply.

Moreover, the remaining fact assertions identified by Plaintiffs' motion were properly

supported in the original motion for summary judgment.  The authentic records from the

Mahoning County Common Pleas Court were introduced through the joint stipulations.  ECF No.

13-1.  Defendants discussed the statute of limitations (ECF No. 12 at PageID #: 132–33),

monetary damages (ECF No. 12 at PageID #: 138–39), a protected property interest (ECF No. 12

at PageID #: 127–30), and the ongoing litigation in state court (ECF No. 12 at PageID #: 125–

27), and properly supported each assertion raised by those arguments.  Plaintiffs had the

opportunity to address each in their opposition brief.  They are unable to use the instant motion to

8

(4:15cv136)

obtain a second bite at the apple. *Dobbins*, 2007 WL 2407081, at *1 (denying a party the

opportunity to file a sur-reply because it "would frustrate the purpose of allowing" the movants

"to be the first and last to be heard on their pending Motion.").

The Court's Case Management Conference Plan/Order expressly stated that it "will

permit only the motion with its supporting memorandum, the memorandum in opposition, and a

reply. No sur-replies will be permitted absent advance leave of Court." ECF No. 7 at PageID #:

82. Plaintiffs have not offered a good reason for the Court to deviate from its Case Management

Plan/Order and permit Plaintiffs to file a sur-reply. Accordingly, the Court denies Plaintiffs'

motion. ECF No. 48.

### B. Defendants' Motion for Summary Judgment

#### 1. Counts I, II, and III

Plaintiffs' first three causes of action, seeking declaratory and injunctive relief, and

money damages, focus on "the zoning classification of Plaintiffs' property and the scope of

Plaintiffs' rights related to its use for industrial purposes." ECF No. 46 at PageID #: 1451. All

three causes of action relate to Plaintiffs' allegation that they "have been prevented from using

[their] real property in conformity with the September 14, 2007 zoning permit, approved site

plan, and the existing Zoning Ordinance," in violation of 42 U.S.C. § 1983. ECF No. 1-1 ¶ 81.

In the Sixth Circuit, actions brought under 42 U.S.C. § 1983 must be brought within the

time period provided for in the state's general personal injury statute. *Rodriguez v. City of*

*Cleveland*, 439 F. App'x 433, 458 (6th Cir. 2011) (citing *Trzebuckowski v. City of Cleveland*,

319 F.3d 853, 855 (6th Cir. 2003)). In Ohio, a two-year statute of limitations applies. R.C. §

9

(4:15cv136)

2305.10 ("[A]n action based on a product liability claim and an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues."). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Trzebuckowski*, 319 F.3d at 856 (internal quotations marks omitted).  "In determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights." *Id.* (citing *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991)).

In this case, the parties stipulated that Basista learned in May 2009 that the township had taken the position that it had made an error in sending the September 14, 2007 letter approving the site plan, and that Defendant Dudek was retracting her prior approval.  ECF No. 13 ¶ 28.  To the extent that Plaintiffs claim a property interest in the September 14, 2007 Zoning Permit (*see* ECF No. 1-1 ¶ 81), Plaintiffs would have "reason to know of the injury which is the basis of his action"—namely, the denial of their Zoning Permit—when Ms. Dudek retracted her prior approval in May of 2009.  *Trzebuckowski*, 319 F.3d at 856.  The statute of limitations would have expired two years later (in May 2011).  This lawsuit, filed on August 27, 2014, is over three years too late.  Even if the notices of zoning violations issued by Mr. Kurilla on November 28, 2011 were used as the moment that "alerted" Plaintiffs "to protect [their] rights," *Trzebuckowski*, 319 F.3d at 856, the instant lawsuit would still be time-barred, as the statute of limitations would have expired on November 28, 2013—nine months before this lawsuit was filed.  Under binding Sixth Circuit precedent, Plaintiffs are time-barred from bringing this lawsuit.

Holding that Plaintiffs' claim under 42 U.S.C. § 1983 is barred by the statute of

10

(4:15cv136)

limitations also defeats Plaintiffs' claim for declaratory relief. "The essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties." *Aust v. Ohio State Dental Bd.*, 737 N.E.2d 605, 608 (Ohio Ct. App. 2000). "For a cause to be justiciable, there must exist a real controversy presenting issues that are ripe for judicial resolution and which will have a direct and immediate impact on the parties." *Cristino v. Ohio Bur. of Workers' Comp.*, 2014-Ohio-1383, ¶ 22, *appeal not allowed*, 2014-Ohio-3785. Cases that are barred by the statute of limitations are not justiciable. *Schaub v. Div. of State Highway Patrol*, No. 95APE08-1107, 1996 WL 99756, at *2 (Ohio Ct. App. Mar. 5, 1996) ("[A] declaratory judgment will not terminate a controversy in the instant case because any possible controversy has already been terminated, in effect, by the statute of limitations of the Court of Claims."); *see also Crostino*, 2014-Ohio-1383, ¶¶ 25–26 (describing declaratory actions barred by statutes of limitations as "advisory opinions").

Similarly, Plaintiffs' request to enjoin Defendants from preventing Plaintiffs from using their property in accordance with the September 14, 2007 approval is time-barred. Ohio Revised Code Chapter 2727 provides, *inter alia*, that "[a] temporary order may be granted restraining an act when it appears by the petition that the plaintiff is *entitled to the relief* demanded, . . . ." R.C. § 2727.02 (emphasis added). Plaintiffs are not entitled to injunctive relief because the underlying claim under 42 U.S.C. § 1983 is time-barred.

### 2. Count IV

In Count IV, Plaintiffs allege that Defendants violated the Ohio Open Meetings Act.

11

(4:15cv136)

According to Plaintiffs, "Ellsworth Township and its Administrative Offices have conducted meetings of a majority of the members of one or more of its Administrative Agencies privately and without notice to the public." ECF No. 1-1 ¶ 108.  Defendants argue that Plaintiffs have not offered any evidence to create a question of fact as to the Ohio Open Meetings Act claim.  ECF No. 12 at PageID #: 141.  Plaintiffs did not address Defendants' argument in their opposition brief.

The Ohio Open Meetings Act, also known as the Sunshine Law, as codified in R.C. § 121.22, requires a plaintiff to demonstrate that a public body: (1) conducted a "meeting", and (2) "deliberated" over "public business." *Radtke v. Chester Twp.*, 44 N.E.3d 295, 299 (Ohio Ct. App. 2015), *appeal not allowed*, 46 N.E.3d 703.  A "meeting" occurs only if there is: (1) a prearranged discussion, (2) a discussion of the public business of the public body, and (3) the presence at the discussion of a majority of the members of the public body.  *State ex rel. Cincinnati Post v. Cincinnati*, 76 Ohio St.3d 540, 543 (1996).

Under Fed. R. Civ. P. 56, after the the moving party shows that "the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial," *Guarino*, 980 F.2d at 403, the burden shifts to the non-moving party to "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox*, 53 F.3d at 150.  Plaintiffs have failed to produce any triable issue as to their Ohio Open Meetings Act claim.  Accordingly, Defendants are entitled to summary judgment on this claim as well.

### 3. Summary

Defendants have demonstrated that they are entitled to judgment as a matter of law on

12

(4:15cv136)

each count asserted by Plaintiffs.  Accordingly, the Court grants Defendants' motion for

summary judgment.  ECF No. 12.

### C.  Plaintiffs' Motion to Dismiss Without Prejudice

Plaintiffs filed a motion to dismiss without prejudice.  ECF No. 15.  The Court denies this

motion as moot because the Court is granting Defendants' motion for summary judgment.

### IV.  Conclusion

For the foregoing reasons, the Court grants Defendants' motion for summary judgment

(ECF No. 12), denies Plaintiffs' motion to dismiss case without prejudice (ECF No. 15), denies

Plaintiffs' motion for leave (ECF No. 48), and enters judgment in favor of Defendants.


IT IS SO ORDERED.


 August 31, 2016                                  /s/ Benita Y. Pearson
Date                                             Benita Y. Pearson
                                                 United States District Judge

13