PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| BASISTA HOLDINGS, LLC, *et al.*, | ) |
| | ) CASE NO. 4:15CV136 |
| Plaintiffs, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| ELLSWORTH TOWNSHIP, *et al.*, | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Defendants. | ) **ORDER** [Resolving ECF No. 56] |

Pending before the Court is Plaintiffs' Motion for Relief from the Court's Order pursuant to Fed. R. Civ. P. 60(b). ECF No. 56. For the following reasons, the Court denies Plaintiffs' Motion and grants Defendants request for attorney's fees.

### I. Plaintiffs' Motion for Relief (ECF No. 56)

Following the Court's Order finding that Defendants were entitled to summary judgment, Defendants moved for attorney's fees. ECF No. 53. The Motion was served on all parties, including counsel for Plaintiffs, electronically *via* the Court's Electronic Case Filing system. Plaintiffs did not oppose the Motion within the cutoff set by Local Rule 7.1. The Court granted Defendants' Motion, finding that fees were warranted. ECF No. 55 at PageID #: 1615–16.

Plaintiffs move for relief from the Court's Order pursuant to Fed. R. Civ. P. 60(b). ECF No. 56. Plaintiffs' counsel admits that he received an e-mail notifying him of Defendants' Motion for Fees, but contends that the e-mail was misfiled in his inbox, and, therefore, he failed to read the Motion. *Id.* at PageID #: 1618.

(4:15CV136)

Fed. R. Civ. P. 60(b)(1) permits courts to relieve a party, or its legal representative, from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect. Plaintiffs argue that the electronic notification was "inadvertently, mistakenly, or by electronic failure not transferred to Plaintiffs' counsel's inbox." ECF No. 56 at PageID #:1619. Plaintiffs' counsels' reason for missing the cut-off to respond is not sufficient to justify relief under Rule 60(b)(1). Parties have "an affirmative duty to monitor the docket" to keep informed of motions they may want to oppose. *See Yeschivk v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) (citing *Kuhn v. Sulzer Orthopaedics, Inc.*, 498 F.3d 365, 370–71 (6th Cir. 2007) and *Reinhart v. U.S. Dep't Of Agric.*, 39 F. App'x 954, 956–57 (6th Cir. 2002) (noting that parties have an affirmative duty to monitor the docket for orders they may wish to appeal). Although electronic dockets permit e-mail notification, this technological convenience does not excuse counsel's duty to keep apprised of docket activity. *See Santos-Santos v. Torrest-Centeno*, 842 F.3d 163, 168–69 (1st Cir. 2016) (attorney's failure to monitor the docket not rise to Rule 60(b)'s "demanding standard"). Additionally, although Plaintiffs are represented by two counsel, no explanation was offered as to why Plaintiffs' second counsel did not timely respond to the Motion. Plaintiffs' Motion for Rule 60(b) relief is denied.[1]

---

[1] Plaintiffs also suggest that relief is justified under Fed. R. Civ. P. 60(b)(6), which permits relief "for any other reason that justifies relief." ECF No. 56 at PageID #: 1619. This subsection applies only in "exceptional and extraordinary circumstances not addressed by the first five subsections of Rule 60(b)." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 383, 387 (6th Cir. 2001) (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Otherwise put, Rule 60(b)(6) requires "unusual and extreme situations where principles of equity *mandate* relief." *Id.* (quoting *Olle*, 910 F.2d at 365 (emphasis in the original)). Such unusual and extreme situations are not present in this case.

(4:15CV136)

In the alternative, the Court accepts Plaintiffs' Opposition to Defendants' Supplemental Brief in Support of Attorneys' Fees (ECF No. 59) as a tardy response to Defendants' Motion for Fees. Although Plaintiffs argue that fees are inappropriate because "this case hinges on an invalid ordinance," ECF No. 59 at PageID #: 1659, the Court already considered this argument in its Order granting summary judgment to Defendants, and finds no reason to reconsider its decision now. Accordingly, the Court finds Plaintiffs' argument to be without merit.

## II. Calculation of Defendants' Fees

Because Defendants had not yet demonstrated that their fees were reasonable, the Court was unable to determine the appropriate amount of fees under the lodestar method when it granted Defendants' Motion for Attorney's Fees. ECF No. 53 at PageID #: 1616; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (courts should multiply the attorney's reasonable hourly rate by the number of reasonable hours worked). Defendants have since filed supplemental materials to support their claim that their request is reasonable. ECF No. 57.

The Supreme Court has indicated that courts are to calculate attorney fees under the "lodestar" method. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) ("*Delaware Valley I*"). Under this methodology, the Court multiples the number of hours reasonably expended by the attorney by the attorney's reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Lavin v. Husted*, 764 F.3d 646, 649 (6th Cir. 2014). There is a "strong presumption" that the figure so calculated represents a reasonable fee. *Delaware Valley I*, 478 U.S. at 565. The lodestar must

3

(4:15CV136)

be based on the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

Attorney Robert J. Tscholl, an Ohio attorney familiar with Defendants' representation and the Northeast Ohio legal community, reviewed Defendants' requested fees and found them to be reasonable. ECF No. 57-2 at PageID #: 1644–46. Prior to December 1, 2015, associates billed at a rate of $115.00 per hour, and partners billed at a rate of $130.00 per hour. *Id.* at PageID #: 1645, ¶ 4. After January 1, 2016, associates and partners billed at a rate of $130.00 per hour and $145.00 per hour, respectively. *Id.* Attorney Tscholl found these rates to be below the customary and reasonable rate for the type of work and for work performed in this area. *Id.* at PageID #: 1645, ¶ 5.

Having reviewed Attorney Tscholl's affidavit, Defendants' time sheets, and that which was submitted by the parties, the Court finds the number of hours expended on the matter and the requested rates to be reasonable. The Court next multiplies the hourly rate by hours expended:

2015 Rates

Attorney James F. Mathews: $130.00 hourly rate x 18.4 hours = $2,392.00

Attorney Kara D. Williams: $115.00 hourly rate x 0.40 hours = $46.00

Attorney Tonya J. Rogers: $115.00 hourly rate x 18.3 hours = $2,104.50

2016 Rates

Attorney James F. Mathews: $145.00 hourly rate x 28 hours = $4,060.00

Attorney Tonya J. Rogers: $130.00 hourly rate x 26.7 hours = $ 3,471.00

4

(4:15CV136)

Total charges for 2015 and 2016: $12,073.50

Defendants do not seek fees for time spent preparing their first Motion for Summary Judgment (ECF No. 12), reducing the total fee request by $2,267.50 (13.5 hours of associate time, billed at $115.00 per hour, and 5.5 hours of partner time, billed at $130.00 per hour). *Id.* at PageID #: 1662. Accordingly, the total fee request is:

Total Charges ($12,073.50) - Fees for First Motion for Summary Judgment ($2,267.50)

= $9,806.00 Total Requested Fees

Plaintiffs argue that Defendants improperly redacted their time sheets. ECF No. 59 at PageID #: 1657. Defendants redacted their time sheets for two reasons: first, to demonstrate that they do not seek fees for the entire defense of the case, but only for fees incurred following the submission of their Motion for Summary Judgment; and second, to protect privileged information. ECF No. 60 at PageID #: 1661–63. The Court finds that Defendants limited their submissions appropriately, only including entries from October 1, 2015 through July 23, 2016. *Id.* Furthermore, the Court finds that the redactions of privileged information do not prevent the Court from verifying that the time spent on these activities was reasonable.

Plaintiffs also contend that Defendants demand $9,806.00, but "total charges in its 10/22/15, 3/31/16, and 7/29/16 billing total $12,082.30." ECF No. 59 at PageID #: 1658–59. As the Court demonstrated above, when the charges from the October 1, 2015 to July 23, 2016 period are totaled, and the $2,267.50 incurred while preparing their first Motion for Judgment is subtracted from that amount, the fee request totals $9,806.00.

(4:15CV136)

Finding that Defendants are entitled to attorney's fees and costs and that Defendants have demonstrated the reasonableness of their request, the Court overrules Plaintiffs' objections and grants Defendants' Motion for Attorney's Fees in the amount of $9,806.00.

    IT IS SO ORDERED.

| | |
|---|---|
|  August 18, 2017  |  */s/ Benita Y. Pearson*  |
| Date | Benita Y. Pearson |
| | United States District Judge |